IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DELIA AKERS,

          Plaintiff,

v.                                                                                         CIVIL  ACTION  NO.  3:04-0615

EXXON SERVICE CENTER, INC.,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion for Summary Judgment. For the reasons set forth herein the motion is **GRANTED**.

**I.**    **Factual Allegations and Procedural Background**

Plaintiff initiated this suit on June 18, 2004, alleging that Defendant Exxon/Mobil Corp. violated Title III of the Americans with Disabilities Act (ADA). The Court granted Exxon/Mobil's motion to dismiss finding that it did not own or operate a place of public accommodation as required under the ADA. The Court also granted Plaintiff leave to file an amended complaint to add a newly identified party. She filed an amended complaint on October 8, 2004, again alleging that Exxon/Mobil Corp. and Defendant Exxon Service Center, Inc. (Milton Exxon) violated Title III of the Americans with Disabilities Act (ADA). Plaintiff states that she is affected with Cerebral Palsy and is dependant on a wheelchair. As such Plaintiff maintains that she qualifies as a person with

disabilities under the ADA. She asserts that Defendant owns, operates, or leases a place of public accommodation and thus has a responsibility to comply with the requirements of the ADA. Specifically, she alleges that the Defendant's place of business contains architectural barriers that "effectively denied or diminished" her ability to visit the business. Complaint at ¶ 13. Plaintiff alleges that the barriers involve parking and the path of travel at Defendant's business and that such barriers pose a risk of injury to Plaintiff. *Id.* Plaintiff's complaint goes on to allege nearly forty violations of the Americans with Disability Act Accessibility Guidelines (ADAAG). *Id.* at ¶ 14. The Court, finding again that Exxon/Mobil Corp. is merely a supplier of gasoline and does not own, lease, lease to, or operate the service station in question, dismissed the claims against them. The case proceeded as to the Milton Exxon.

On April 29, 2005, Defendant served Plaintiff with Defendant's first set of interrogatories, requests for production of documents, and request for admissions. Defendant's requests for admissions included the following statements:

1. Admit that Defendant Milton Exxon complies in general with the requirements of the ADA.
2. Admit that Plaintiff has never visited and/or attempted to visit Defendant Milton Exxon's place of business.
3. Admit that plaintiff has no factual basis whatsoever for the allegations that Defendant Milton Exxon's place of business violates the ADA.

*See* Memorandum in Support of Defendant's Motion for Summary Judgment, Exhibit A at 8-9. Defendant goes on to request admissions dealing various specific violations of the ADA alleged by Plaintiff. *Id.* at 9-14. Even though these admissions "strike at the very heart of the Plaintiff's case" Plaintiff did not respond to Defendant's requests. *Gardner v. Borden, Inc.*, 110 F.R.D. 696 (S.D.W.Va. 1986). On June 15, 2005, Defendant filed the instant motion for summary judgment.

The time for filing a response has passed and Plaintiff failed to do so. The Court deems the motion ripe for decision.

**II.     Standard of Review**

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P.* 56(c). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

**III.     Analysis**

Defendant maintains that it is entitled to summary judgment against Plaintiff because Plaintiff's failure to respond to Defendant's request for admissions deems each request admitted. Thus, Defendant argues Plaintiff admitted that Defendant has not violated the ADA. Rule 36 of the Federal Rules of Civil Procedure governing requests for admissions provides:

> The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

Fed. R. Civ. Proc. 36(a). Additionally, any matter which is admitted is "conclusively established." Fed. R. Civ. Proc. 36(b).

"Admissions obtained under Rule 36, including matters deemed to be admitted by a party's failure to respond to a request for admissions, can form the basis for granting Summary Judgment." *Gardner*, 110 F.R.D. at 696 (quoting *Freed v. Plastic Packaging Materials, Inc.*, 66 F.R.D. 550, 552 (E.D.Pa. 1975); *See also DIRECTV, Inc. v. Tyler*, No. Civ. A. 5:03CV00094, 2005 WL 1106927, at *2 (W.D.Va. May 9, 2005). Therefore, Defendant argues that Plaintiff's admissions "form a sufficient basis for summary judgment." *See* Memorandum in Support of Defendant's Motion for Summary Judgment at 5.

Additionally, the Court notes, Plaintiff has failed to respond to Defendant's motion for summary judgment. While the party moving for summary judgment bears the burden of showing there exists no genuine issue as to any material fact, the non-moving party must offer some "concrete evidence from which a reasonable juror could return a verdict in [her] favor[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 256. Plaintiff has not offered the Court any reason why her

failure to respond to Defendant's request for admissions should not deem those requests admitted. At present, Plaintiff has produced *no* evidence nor has she offered any argument as to why summary judgment in favor of Defendant should not be granted.

The Court finds that because Plaintiff's failure to respond to Defendant's request for admissions deems those requests admitted, there exists no genuine issue of material fact. Thus, judgment in favor of Defendant is appropriate.

### IV. Conclusion

For the reasons stated, summary judgment is **GRANTED** in favor of Defendant Exxon Service Center. The Court **DIRECTS** the Clerk to remove this action from the docket of this Court and to send a copy of this Written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: August 5, 2005

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE